UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                               Plaintiff,

                                                                         DECISION AND ORDER

                                                                         06-CR-6015L
                                                                          08-CV-6150L

            v.

ROBIN S. Tracey,

                                               Defendant.
_____

        On January 5, 2007, defendant, Robin S. Tracey ("Tracey"), pleaded guilty to Count 1 of a superseding indictment which charged knowingly receiving child pornography of violation of 18 U.S.C. § 2252(A)(a)(2). Such a plea subjected him to a mandatory minimum sentence of five years with a maximum sentence of twenty years, a fine and a term of supervised release of at least three years and up to life.

        The plea was entered pursuant to a written plea agreement which was discussed with Tracey in detail at the time of the plea. Pursuant to the plea agreement the parties expected that the United States Sentencing Guideline range ("Guidelines") would be 108 to 135 months. Tracey's then-attorney, the Federal Public Defender's Office, with the agreement of the Government, had inserted a provision in the plea agreement allowing Tracey to seek a non-Guideline sentence.

On April 5, 2007, Tracey was sentenced principally to 108 months, the low-end of the Guideline range. Tracey did not file a direct appeal from the judgment.

On April 2, 2008, defendant filed a motion, *pro se,*[1] pursuant to 28 U.S.C. § 2255 to vacate or set aside the judgment. The sole basis for the motion is Tracey's contention that he received ineffective assistance of trial counsel because counsel failed to have Tracey "examined by a mental health expert to buttress reasons for a lower, non-Guideline sentence." Tracey does not seek to vacate his guilty plea nor does he now protest his innocence. The relief requested is for the Court to vacate the sentence and conduct a new sentencing hearing. For the reasons that follow, the motion to vacate pursuant to 28 U.S.C. § 2255 (Dkt. #53) is in all respects denied.

The Government has filed a detailed response to plaintiff's motion (Dkt. #57). Tracey's counsel has filed both a memorandum in support of the motion (Dkt. #54) and a reply (Dkt. #58). I have considered all of the filings, the plea agreement and the transcripts of the plea proceeding and sentencing.

First of all, as the Government notes, the plea agreement specifically provided that as a consideration for the plea and its benefits, Tracey agreed not to appeal or collaterally attack the judgment. Although Tracey did not directly appeal the judgment, he has filed this petition which appears to directly violate the terms of the plea agreement. There is no claim here that the plea was unknowing or involuntary. In fact, as noted, Tracey does not now seek to vacate the guilty plea and makes no claim or contention that he did not plead guilty knowingly and voluntarily with a full understanding of the potential consequences and all of his legal rights. As such, since Tracey does

---

[1]Although Tracey originally filed his motion *pro se,* he is now represented by counsel.

not challenge the voluntariness of the plea or his guilt on the charge, he is barred by the plea agreement from filing this motion to vacate. For that reason alone, I would dismiss and deny the motion.

It is clear, though, on the merits that Tracey is entitled to no relief. Tracey's claim is that he was denied effective assistance at sentencing because counsel failed to order a mental examination of him.

The standard for evaluating claims of ineffective assistance of counsel were established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Strickland* and its progeny established a two-part test: the first relates to whether counsel's performance was deficient and, second, there must be a demonstration that the performance was prejudicial to the defendant's case. In my view, Tracey has failed to establish either prong of that test.

Tracey bares a heavy burden to establish that counsel's performance was deficient. The errors complained of must be serious and egregious. Counsel must be afforded broad leeway in making tactical and strategic decisions concerning the representation. Tracey must also demonstrate that but for counsel's alleged error, there was a reasonable probability that the result of the proceeding would have been different.

As mentioned above, Tracey does not challenge the fact that his guilty plea was knowing and voluntary and that there is a factual basis for it. His claim is simply that the Court might have been persuaded to impose a lesser, non-Guideline sentence, had counsel taken steps to obtain a psychological examination of Tracey and had that report come to some favorable conclusion and,

had the Court been inclined, based on that report, to impose a sentence different from the one imposed, 108 months.

First of all, there is no indication in the record before the Court or presented here that Tracey did in fact suffer from some type of mental illness warranting the type of examination Tracey claims should have been conducted. The record must demonstrate some evidence that there was such a disease or illness for counsel to be faulted. *See Kohler v. Kelly,* 890 F.Supp. 207, 214 (W.D.N.Y. 1994), *aff'd,* 58 F.3d 58 (2d Cir. 1995). Tracey's statements in court and to the Court rebut any inference of mental disease . There was evidence that Tracey was employed, supported his family and had a demonstrated ability to care for his parents. The letters of support submitted by Tracey's family and friends did not indicate any mental disease but portrayed Tracey as a responsible, trustworthy, respected member of the community. This Court also observed Tracey during the several court proceedings and noticed nothing unusual or untoward which should have suggested the need for a psychological evaluation.

There is a strong presumption that counsel provided reasonable professional assistance; nothing in this record indicates to the contrary. Defense counsel pursued the opportunity to seek a non-Guideline sentence both in the filings before the Court and in argument at the sentencing hearing.

Counsel's motion for a non-Guideline sentence (Dkt. #42) was quite thorough and discussed Tracey's background and history, as well as recent federal authority authorizing such departures. Counsel noted that Tracey admitted being afflicted with the addiction to child pornography. He had indicated control of the addiction and expressed knowledge about where to obtain help for it.

Counsel referenced Tracey's own letter to the Court where he stated that he had sought treatment from a therapist at a mental health clinic and was dealing with his problems. The motion submitted contained several references by family and friends supporting Tracey but none made mention of any psychological problem. Tracey's letter to the Court, which is attached as an exhibit to counsel's motion for a non-Guideline sentence (Dkt. #42), describes his background, his life, problems with his marriage, his employment and the effects this prosecution has had on him. He did admit to depression relating to the charges and problems with his wife, but made a strong statement that he felt he had control over his depression and addiction to child pornography.

At sentencing on April 3, 2007, counsel made a forceful statement to the Court for leniency. Counsel spoke of Tracey's remorse, his acceptance of responsibility, his rehabilitation, the fact that he is engaged in treatment, and the fact that he had no prior record. The Government also allocuted and pointed out the number of images possessed by the defendant and suggested that the Court should impose a Guideline sentence.

In light of the above, it is clear that Tracey's trial counsel provided effective representation. Many matters favorable to Tracey were presented to the Court in the motion filed and the statements made at the sentencing hearing. The fact that the Court was not persuaded to impose a sentence below the Guidelines is not tantamount to a finding of ineffective assistance on the part of Tracey's lawyer.

Furthermore, there is nothing in the record to suggest that a psychological examination should have been conducted. In any event, it is just pure speculation to believe that even had such an examination been conducted, that the resulting sentence, 108 months, would have been any

different. The Court did sentence above the statutory minimum, 60 months, but did impose a sentence at the lowest end of the Guideline range. A much greater sentence could have been imposed but was not.

CONCLUSION

The motion of Robin S. Tracey, pursuant to 28 U.S.C. § 2255, is in all respects denied and dismissed.

I decline to issue a certificate of appealability because Tracey has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 12, 2009.